JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Defendant-appellant appeals from his conviction following a guilty plea to attempted assault on a peace officer (R.C.2923.02/2903.13(C)(3)), a felony of the fifth degree. Defendant was sentenced to seven months incarceration. Defendant contends the trial court erred in giving no consideration to whether defendant was amenable to community control sanctions since he was a first time offender under R.C. 2929.11. We agree and vacate the sentence and remand for re-sentencing.
On September 17, 1999, during a riot-type situation, defendant was in an altercation with another person when a Cuyahoga Municipal Housing Authority police officer in full uniform approached, grabbed the defendant and tried to separate them. Defendant then turned and hit the officer in the chest. Subsequently, on November 1, 1999, defendant was indicted by the Cuyahoga County Grand Jury for assault on a peace officer in violation of R.C. 2903.13, a felony of the fourth degree.
On January 11, 2000, pursuant to a plea agreement, the State amended the indictment to an attempt under R.C. 2923.02, thereby making the offense a felony of the fifth degree. Defendant, after being carefully addressed in accordance with the Crim.R. 11 requirements, entered a guilty plea to the offense. The court ordered an immediate sentencing and sentenced defendant to a term of seven months at Lorain Correctional Facility. In sentencing the defendant, the trial court made the following findings on the record:
 The Court takes assault on a peace officer very seriously. I was willing to accept the change of plea that was negotiated with the State of Ohio contingent upon the officer's consenting to that, and I did take into consideration the mitigating circumstances of the facts in this case by allowing you to plead to an attempt which lowers this to a felony of the 5th degree. However, it's a fundamental disrespect for authority to be involved, especially pushing and shoving somebody who is already in uniform.
 It's my finding that you are not amenable to community control sanctions, and prison would be consistent with protecting the public and punishing you as the offender. There seem to be some mitigating circumstances as set forth here today so I am not to going to impose the maximum sentence or find this is the worst form of the offense and take it into consideration.
 Seven months LCI, waive the fine, and credit for time served. Sheriff to transport.
(Tr. at 9-10).
This appeal follows.
The defendant's sole assignment of error states as follows:
 I. THE IMPOSITION OF A TERM OF IMPRISONMENT UPON APPELLANT WITHOUT PROPER CONSIDERATION OF THE SENTENCING FACTORS FAILS TO COMPORT WITH THE STATED PURPOSES OF R.C. 2929.11.
Defendant asserts that the trial court failed to consider the purposes and principles of felony sentencing before it imposed the prison term for his fifth degree felony. He further asserts that the trial court failed to make a sufficient finding that he was not amenable to community control sanctions.
R.C. 2929.19(B)(2) sets forth the procedure that the trial court must follow when imposing a sentence of imprisonment for a felony of the fifth degree. This section mandates that the court shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) * * * [I]f it imposes a prison term for a felony of the fourth or fifth degree * * *, its reasons for imposing the prison term based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11
of the Revised Code and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13
of the Revised Code that it found to apply relative to the offender.
The purposes and principles of felony sentencing set forth in R.C. 2929.11(A) are as follows:
 The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender and making restitution to the victim of the offence, the public or both.
R.C. 2929.13(B)(1) further provides:
 Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321 [2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
 (g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
Under R.C. 2929.13(B)(2)(a), if the trial court finds that any of the R.C. 2929.13(B) factors apply, then it must proceed to consider the seriousness and recidivism factors set forth in R.C.2929.12. The court must then impose a prison term if (1) such a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11(A), and (2) the offender is found not to be amenable to community control sanctions.
Under R.C. 2929.13(B)(2)(b), if the court finds that none of the factors of R.C. 2929.13(B)(1) apply to the case, it must impose a community control sanction or a combination of community-control sanctions, if, after consideration of the seriousness and recidivism factors found in R.C. 2929.12, such is consistent with the purposes and principles of sentencing. If the trial court determines that community-control sanctions are not consistent with the purposes and principles of sentencing, it must then impose a term of imprisonment.
We find that the trial court failed to make the requisite findings on the record pursuant to R.C. 2929.13(B)(2).
In this Court's recent decision in State v. Flynn (Nov. 4, 1999), Cuyahoga App. Nos. 75144, 75145, unreported, the defendant asserted that the trial court failed to make a determination of whether any of the factors in R.C. 2929.13(B) applied before sentencing him to a prison term for a fourth degree felony. We agreed and reversed. We remanded defendant's sentence finding that the trial court failed to demonstrate on the record that any of the factors in R.C. 2929.13(B) did or did not apply to the facts of the case.
Regardless of whether or not the trial court determines that one of the factors in R.C. 2929.13(B)(1) applies, both R.C.2929.13(B)(2)(a) and R.C. 2929.13(B)(2)(b) specifically require that the court then consider the seriousness and recidivism factors set forth in R.C. 2929.12. Only after this consideration is made does the trial court determine whether a prison term or community control sanction is consistent with the purposes and principles of sentencing and whether the offender is or is not amenable to community control sanctions. R.C. 2929.12(A) further provides that the trial court shall consider the seriousness and recidivism factors to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code.
In the instant case, as in Flynn, supra, we find that the record fails to demonstrate that the trial court made a determination as to whether or not any of the factors in R.C.2929.13(B) applied. We further find that the trial court failed to give its reasons for selecting the prison sentence imposed. Under R.C. 2929.19(B)(2)(a), the trial court is required to make a finding that gives its reasons for imposing a prison term for a fifth degree felony. Even though the record reflects that the trial court made a finding that defendant was not amendable to community control sanctions, and prison would be consistent with protecting the public and punishing you as the offender, the record fails to indicate the reasons why the trial court made such findings and imposed a prison term. The record does not indicate that the trial court ever considered the seriousness and recidivism factors of R.C. 2929.12 as required under R.C. 2929.13(B)(2) and R.C. 2929.12(A). The trial court merely stated its findings on the record without giving its reasons for them. We find no reason given by the trial court as to why the defendant in this case was not amenable to an available community control sanction. We also find no reason in the record as to why a prison term was consistent with the purposes and principles of sentencing or why a community control sanction was not. Accordingly, the trial court failed to make the requisite findings and erred in sentencing defendant to a term of imprisonment for a fifth degree felony.
Defendant's sole assignment of error is sustained.
The sentence is vacated; remanded for re-sentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for re-sentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 DYKE, A.J., CONCURS. ROCCO, J., DISSENTS. (SEE DISSENTING OPINION ATTACHED).
 _______________________ JAMES M. PORTER, JUDGE